UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| GREG RICHARDSON, DEBORAH RICHARDSON, and ROBERT RICHARDSON, ) ) ) | |
| Plaintiffs, ) ) | Case No. 3:12-0368 |
| ) | Judge Trauger |
| v. ) ) | |
| UNITED STATES, ) ) | |
| Defendant. ) | |

## MEMORANDUM

Pending before the court is a Motion for Partial Summary Judgment (Docket No. 36) filed by the defendant, the United States, to which the plaintiffs have filed a Response in opposition (Docket No. 39), and the government has filed a Reply (Docket No. 49). Also pending is the plaintiffs' Motion to Amend their Complaint (Docket No. 43), which the government has opposed (Docket No. 49). For the reasons stated herein, the government's Motion for Partial Summary Judgment will be denied and the plaintiffs' Motion to Amend will be denied as moot.

## BACKGROUND[1]

---

[1] The facts are drawn from the government's Statement of Undisputed Facts and the plaintiffs' responses thereto (Docket Nos. 38, 40) and the exhibits attached to the parties' submissions (Docket No. 37, Exs. 1-4; Docket No. 41, Exs. 1-5; Docket No. 42, Exs. 1-3). The court notes that the plaintiffs have submitted a "Supplemental Designation of Undisputed Facts." (attached to Docket No. 40.) As an initial matter, Local Rule 56.01 does not permit that type of submission. In relevant part, the rule states:

> Any party opposing the motion for summary judgment must respond to each fact set forth by the movant. . . . Such response shall be filed with the papers in opposition to the motion for summary judgment. *In addition, the non-movant's response may contain a concise statement of any additional facts that the non-*

1

**I. Facts**

On July 23, 2009, plaintiff Robert Richardson, then 15 years old, was traveling on Clarksville Pike in Davidson County on a motorcycle. Robert's motorcycle collided with a 1992 United States Postal Service ("USPS") vehicle, driven by a USPS Letter Carrier. Robert suffered injuries following the collision.

At some time following the collision, the plaintiffs retained counsel for the purpose of recovering money from the government with regard to Robert's injuries, which the plaintiffs allege were caused by the negligence of the USPS driver. On December 23, 2009, Kay Putnam, a District Tort Claims Coordinator at the USPS, sent a letter to Ms. Fikisha Swader, former counsel for the plaintiffs. Putnam wrote:

> In response to your request, enclosed please find a claim form SF 95 – "Claim for Damage, Injury or Death". ***Because your client is a minor the claim must be filed by the minor's parents or legal guardian.*** In order for your client's claim to receive proper consideration, it is requested that you supply all material facts on this form, as it will be the basis for further action on your claim. . . .
>
> . . .
>
>       (1) **All sections of the form must be completed**. . . .
>
>       (2) **Please return the original completed form to this office**. . . .

---

*movant contends are material and as to which the non-movant contends there exists a genuine issue to be tried.*

Local Rule 56.01 (emphasis added). The government has neither objected to the plaintiffs' submission nor filed any response. Nevertheless, the plaintiffs' submission is procedurally defective and the court will not consider it for purposes of this Memorandum. However, the majority of "additional undisputed facts" submitted by the plaintiffs pertain to exhibits attached to the Affidavit of John I. Harris, III ("Harris Aff."). (Docket No. 41.) The government has not objected to the Harris Affidavit or the admissibility of its exhibits. Accordingly, although the plaintiffs' submission of additional undisputed facts is procedurally defective, the court will consider the exhibits attached to the Harris Affidavit as they relate to the facts underlying this action.

2

> **(3) Obtain and submit two (2) estimates on the work to be done, or, submit a copy of the itemized "PAID" bill.**
>
> **(4) If damaged property is in joint ownership, claim must be made in both names and both parties must sign where signatures are required.**
>
> (5) In support of a claim for personal injury, the Postal Service requires a medical report from the attending physician, as well as doctor bills showing the date of each treatment, the treatment given, and the cost of each treatment. . . .
>
> (6) A claim must be for a specific amount. That amount must be shown in the appropriate space(s). **Failure to state a total amount of claim in item 12d will make the claim invalid;**
>
> (7) Claim adjusters or attorneys may not submit the claim or sign the claim form unless a copy of their Power of Attorney is attached thereto. **It is requested that you submit a copy of the signed agreement authorizing you to represent Greg & Deborah Richardson, b,n,a** [sic] **Robert Richardson in this matter;** and
>
> (8) Acceptance of a claim is not an admission of liability on the part of the Government.

(Docket No. 41, Ex. 1 (emphasis in first paragraph added, other emphases in original).)

On August 6, 2010, the USPS received an administrative tort claim, set forth on Form SF 95, seeking recovery for property damage in the amount of $9750.00, filed by plaintiff Greg Richardson, Robert's father ("Property Damage Claim Form"). On December 1, 2010, the plaintiffs submitted a second SF 95 form, seeking recovery for Robert's personal injuries ("Personal Injury Claim Form"). Under the section titled "Name, Address of claimant and claimant's personal representative, if any," the plaintiffs wrote, apparently in accordance with the instructions of Ms. Putnam, "Robert Richardson, a minor b/n/f Deborah and Gregory Richardson." The Personal Injury Claim Form seeks $1,000,000.00 and appears to be signed by both Gregory and Deborah Richardson. (Docket No. 37, Ex. 2.) In the section of the form designated for the description of events forming the basis of the claim, the plaintiffs wrote:

3

> Claimant suffered multiple injuries, most serious to his right hand, wrist, and arm. He was hospitalized for several days at Vanderbilt University Hospital and has undergone multiple surgeries, including the fixation of a compound fracture of his right upper extremity and for complications associated with his initial surgery. See attached medical reports and permanent impairment information.

(*Id.*)

On the same day that the plaintiffs signed the Personal Injury Claim Form, the plaintiffs' counsel sent a letter to Ms. Putnam. The letter states:

> Robert Richardson has concluded the medical treatment associated with the injuries he sustained on July 23, 2009, as a consequence of a collision that occurred between a postal service van and his motorcycle . . . In addition to the completed standard form 95 (claim for damage, injury, or death), I am forwarding to you copies of medical bills relating to this matter, the hospital and physician records associated with those bills, and two (2) letters from Nashville area orthopedic surgeons Gregory Mencio and David W. Gaw, which describe the character and extent of Mr. Richardson's injuries, along with Dr. Gaw's evaluation of Robert's permanent partial impairment.

(Docket No. 41, Ex. 2.) The letter further states:

> Robert's bills to date from Vanderbilt Medical Group total $42,495.50. His hospital bills and physical therapy charges from Vanderbilt Children's Hospital amount [to] $114,531.92. Along with the July 23, 2009 ambulance bill of $767.00, Robert's total expenses relating to this unfortunate incident total $157,794.42, with the likelihood of further financial expenditures as Robert ages.

(*Id.*)

Between December 2010 and December 2011, attorneys retained by the plaintiffs engaged in written communications, including settlement negotiations, with the USPS. In these communications, a Tort Claims Examiner/Adjudicator for the USPS, William D. Glenn, challenged the plaintiffs' counsel regarding (1) Robert's driver's license status at the time of the injury, and (2) Robert's comparative negligence in the collision.

On December 23, 2011, the USPS denied the plaintiffs' December 1, 2010 personal injury claim. On August 27, 2013, the USPS denied Gregory Richardson's August 6, 2010 property damage claim.

4

## II. Procedural Background

The plaintiffs filed this action on April 10, 2012, asserting common law negligence and negligence *per se* against the United States under the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671 *et seq.* ("FTCA"), and seeking compensatory damages in the amount of $1,000,000.00, as well as other relief. (Docket No. 1.) The government filed an Answer to the Complaint on June 15, 2012, asserting a variety of affirmative defenses, including that (1) the Complaint fails to state a claim upon which relief can be granted; (2) the alleged injuries were not caused by a negligent or wrongful act or omission of the United States; (3) the plaintiffs' injuries were solely and proximately caused by their own negligence; (4) the plaintiffs' recovery is barred by comparative negligence; (5) plaintiffs are not entitled to a jury trial; and (6) the plaintiffs' recovery is limited to damages recoverable under the FTCA. (Docket No. 8.)

The parties engaged in a court-ordered settlement conference on December 20, 2013, before the Magistrate Judge. According to the plaintiffs, at the settlement conference, the government argued for the first time that the court lacks jurisdiction over the plaintiffs' claim for medical expenses because the Personal Injury Claim Form—which lists as a claimant "Robert Richardson b/n/f Gregory and Deborah Richardson"—was procedurally improper and, therefore, the plaintiffs have not exhausted their administrative remedies.

The government moved for partial summary judgment on the plaintiffs' claim for medical expenses on March 20, 2014. (Docket No. 36.) The plaintiffs filed a Response in opposition to the motion on May 7, 2014, and, in the alternative, requested leave to amend their Complaint to remedy the alleged procedural defect raised by the government. (Docket Nos. 39, 42.)

## ANALYSIS

### I. Standard

Rule 56 requires the court to grant a motion for summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). If a moving defendant shows that there is no genuine issue of material fact as to at least one essential element of the plaintiff's claim, the burden shifts to the plaintiff to provide evidence beyond the pleadings, "set[ting] forth specific facts showing that there is a genuine issue for trial." *Moldowan v. City of Warren*, 578 F.3d 351, 374 (6th Cir. 2009); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). "In evaluating the evidence, the court must draw all inferences in the light most favorable to the non-moving party." *Moldowan*, 578 F.3d at 374 (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

At this stage, "'the judge's function is not . . . to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial.'" *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). But "[t]he mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient," and the party's proof must be more than "merely colorable." *Anderson*, 477 U.S. 242, at 252. An issue of fact is "genuine" only if a reasonable jury could find for the non-moving party. *Moldowan*, 578 F.3d at 374 (citing *Anderson*, 477 U.S. at 252).

II. **Application**

    A. **The FTCA**

The FTCA provides a waiver of sovereign immunity for a plaintiff to bring state-law tort claims against the United States "in the same manner and to the same extent as a private individual under like circumstances," to the extent that those tort claims arise from the acts of federal employees acting within the scope of their employment. 28 U.S.C. § 2674; *see Young v.*

*United States*, 71 F.3d 1238, 1241 (6th Cir. 1995). The liability of the United States under the FTCA is "determined in accordance with the laws of the state where the event giving rise to liability occurred." *Young*, 71 F.3d at 1242.

Under the FTCA, claimants are bound by certain administrative procedural requirements prior to filing suit in a district court. "Section 2401(b) of the FTCA outlines the procedural requirements for bringing an FTCA tort claim and was enacted to 'require the reasonably diligent presentation of tort claims against the [g]overnment.'" *Kennedy v. U.S. Veterans Admin.*, 526 F. App'x 450, 454 (6th Cir. 2013) (quoting *United States v. Kubrick*, 444 U.S. 111, 123 (1979)). Before instituting a suit in federal court, claimants must first file a claim with the appropriate administrative agency within a two-year statute of limitations. 28 U.S.C. § 2401(b). Once an administrative denial has been rendered, a claimant then is required to file in federal court within a six-month statute of limitations that begins running as of the date of the notice of denial. *Id.* § 2401(b). "With respect to situations in which the agency's delay precludes the claimant from bringing a claim—for example, when an agency has not yet issued a notice of denial—a claimant may sue the United States according to the terms of Section 2675(a), which permits plaintiffs to file suit without a notice of denial six months after filing an administrative claim with the agency." *See Jackson v. United States*, 751 F.3d 712, 716-17 (6th Cir. 2014).

"This two-step process was enacted to preserve judicial resources by streamlining the process for valid claims and switching their starting place to the administrative agency with the most information instead of the federal courts." *Kennedy*, 526 F. App'x at 454. It is well settled that a federal court does not have jurisdiction over a suit under the FTCA "unless the claimant files an administrative claim with the appropriate agency . . . within two years from the time the claim accrues . . . accompanied by a claim for money damages in sum certain." *Turner ex rel.*

*Turner v. United States*, 514 F.3d 1194, 1200 (11th Cir. 2008). The Sixth Circuit has succinctly articulated the statutory obligations of a plaintiff seeking relief under the FTCA:

> In order for a person to file a tort claim under the FTCA, it is required that he (1) give written notice of the claim sufficient to enable the agency to investigate the claim and (2) place a value (or "sum certain") on the claim.

*Glarner v. United States, Dept. of Veterans Admin.*, 30 F.3d 697, 700 (6th Cir. 1994).

Here, it is undisputed that the plaintiffs' claims for Robert's personal injuries and Gregory Richardson's claim for property damages are properly before the court. Nevertheless, the government argues at this stage that the court lacks jurisdiction to hear the plaintiffs' claim for medical expenses, which the parties agree amounts to $157,794.42.

**B. Jurisdiction over the Plaintiffs' Claim for Medical Expenses**

In short, the government argues that the plaintiffs erred when they submitted the Personal Injury Claim Form because, on the form, they identified the claimant as "Robert Richardson b/n/f Gregory Richardson and Deborah Richardson." The government contends that, under Tennessee law, only parents—and not minor children—may recover medical expenses incurred on behalf of their minor child. Accordingly, the government argues, the proper claimants for Robert's medical expenses, his parents, failed to file a timely administrative claim for medical expenses and therefore, failed to exhaust their administrative remedies. Because the two-year statute of limitations for administrative claims has long passed, according to the government, the court lacks jurisdiction over the plaintiffs' claim for medical expenses.

The plaintiffs vigorously object to the government's motion. They argue that (1) the government is barred from asserting this affirmative defense because it was not raised in the Answer; (2) the government's waiver of this issue and whether it received notice under the FTCA must be considered in light of the SF 95 as well as the parties' correspondence during the claims administration period; (3) the government's reading of Tennessee law is inaccurate; and,

(4) in the event the court concludes that it lacks jurisdiction over the plaintiffs' claim for medical expenses, the court should permit the plaintiffs to amend their pleading to add a claim solely by Robert (now an adult) for recovery of his medical expenses.

1. <u>Waiver of Affirmative Defense Related to Failure to Exhaust</u>

As an initial matter, the plaintiffs object to the government's summary judgment motion because the government failed to raise this affirmative defense in its Answer, or at any time prior to a settlement conference over 18 months after the plaintiffs filed their Complaint. It is well settled that a response to a pleading must set forth any matter constituting an affirmative defense. Fed. R. Civ. P. 8(c). Failure to plead an affirmative defense in the first responsive pleading to a complaint generally results in a waiver of that defense. *Horton v. Potter*, 369 F.3d 906, 912 (6th Cir. 2004).

Here, in its Answer, the government failed to specifically raise the issue of whether the Personal Injury Claim Form properly stated a claim for medical expenses so as to satisfy the administrative filing requirement of the FTCA. The government similarly failed to assert any general defense related to the statute of limitations, or the plaintiffs' failure to exhaust administrative remedies as to any of their claims. Moreover, upon objection by the plaintiffs, the government has failed to offer any justification for its deficient pleading or its delay in raising this defense, and it has not sought leave to amend its pleading to remedy this deficiency. (*See* Docket No. 49.) For this reason alone, the court is persuaded that the government has waived its right to assert this affirmative defense as to the plaintiffs' medical expenses claim.[2]

---

[2] Although, in some instances, courts in this Circuit have permitted defendants to assert affirmative defenses not included in a responsive pleading, circumstances permitting an exception to the general rule of waiver are not present here. For instance, the government's affirmative defense was not clear from the face of the Complaint, as in *Pierce v. County of Oakland*, 652 F.2d 671, 672 (6th Cir. 1981) (concluding that affirmative defense related to

## 2. Additional Considerations Related to Court's Jurisdiction over the Medical Expenses Claim

Even if the court were to grant an exception to the government's deficient pleading, the court concludes that the record demonstrates that the Personal Injury Claim Form constitutes a sufficient administrative claim for medical expenses by Gregory and Deborah Richardson so as to satisfy the administrative notice requirements of the FTCA.

The Sixth Circuit has held that the FTCA statute, and not its related regulations, establishes the jurisdictional requirements for an FTCA action. *Knapp v. United States*, 844 F.2d 376, 378 (6th Cir. 1988). "The FTCA does not require an actual 'exhaustion of administrative remedies'; 28 U.S.C. § 2675(a) merely requires that the claim be presented administratively and finally denied, and 28 U.S.C. § 2401(b) requires that the presentation be made within two years." *Id.* at 378-79. Accordingly, the Sixth Circuit has held that a claimant who fulfills the requirements of Section 2675(a), but does not comply with the regulations, merely loses the opportunity to settle outside the courts—her right to bring an action in district court is not affected. *Id.* at 379. As another federal court has explained, "[s]o long as the claim and other documentation submitted to the governmental agency provides sufficient notice to enable investigation and settlement, courts have found a technically deficient SF 95 sufficient to confer jurisdiction upon the court. *Owen ex rel. Estate of O'Donnell v. United States*, 307 F. Supp. 2d 661, 665 (E.D. Pa. 2004).

---

timeliness of action was not waived because plaintiff's complaint admitted that claim was filed past the expiration of the statute of limitations). *See also Young v. City of Cleveland*, 221 F.3d 1337, 1338 (6th Cir. 2000) (concluding that affirmative defense related to plaintiffs' failure to exhaust administrative remedies was not waived because plaintiffs admitted that they had made no administrative filing). Consequently, and in light of the government's failure to even respond to this issue in its Reply, the court sees no reason to grant the government leniency with regard to its failure to assert this affirmative defense.

At this late stage, the government appears to argue, incredibly, that it lacked notice of the plaintiffs' claim for medical expenses and, therefore, the Richardsons are barred from recovering such expenses. The government further appears to ask this court to hold that, when submitting an SF 95 form for purposes of satisfying the administrative requirements of the FTCA, claimants must fill out the form in accordance with the procedural and substantive law of the state in which the injury occurred. The government does not cite any legal authority to support its conflation of (its interpretation[3] of) the requirements of Tennessee law with the technical requirements of the SF 95 form. Upon review of the record and persuasive federal case law, the court finds that the government's argument is without merit.

First, the undisputed facts in the record establish that the government was on notice that Robert Richardson's Personal Injury Claim Form included recovery for his medical expenses. It is undisputed that the plaintiffs (1) received instructions from Ms. Putnam, a USPS employee, as to how to fill out the SF 95 form for personal injury, and (2) in accordance with the USPS instructions,[4] the plaintiffs submitted the Personal Injury Claim Form identifying the claimant as

---

[3] The government reads Tennessee law to provide an exclusive remedy for recovery of medical expenses to parents of minor children, and not to the minor himself (or the minor by his next friends). Because the court has determined that the government waived its defense as to Gregory and Deborah Richardson's failure to file a proper administrative claim, the court need not reach the thorny issues presented by the parties related to Tennessee law, including the determination of whether the claim for Robert's medical expenses belongs solely to his parents, or to either (1) Robert's parents, Gregory and Deborah Richardson, on his behalf, or (2) Robert as an adult, or to all three groups of claimants. The court makes no conclusions as to this complicated legal issue, but notes the presence of several conflicting authorities as to whether a minor child has a personal claim for medical expenses arising from an injury caused by a third-party tortfeasor, when the claim of the child's parent for medical expenses is barred for procedural reasons. *Compare Calaway ex rel. Calaway v. Schucker*, 193 S.W.3d 509 (Tenn. 2005) and *McBride v. Shutt*, No. 00-1302, 2002 WL 1477211 (W.D. Tenn. July 2, 2002) *with Palanki ex rel. Palanki v. Vanderbilt Univ.*, 215 S.W.3d 380 (Tenn. Ct. App. 2006) and *Smith v. King*, No. Civ. 958, 1984 WL 586817 (Tenn. Ct. App. Sept. 21, 1984).

[4] It is undisputed that the plaintiffs received instructions from Ms. Putnam, expressly stating, "[b]ecause your client is a minor the claim must be filed by the minor's parents or legal

"Robert Richardson b/n/f Gregory Richardson and Deborah Richardson." The plaintiffs also provided, per Ms. Putnam's instructions, all medical bills related to their claim and a specific amount being sought for recovery. The court rejects the government's argument that, because the identification of claimants on the SF 95 did not identify Gregory and Deborah Richardson as the sole claimants for Robert's medical expenses, the form did not provide sufficient notice of the plaintiffs' claim for medical expenses.

Even if the SF 95 form alone were insufficient to provide notice to the government, other undisputed facts in the record indicate that the government was fully aware of the plaintiffs' claim for medical expenses. For months following receipt of the Personal Injury Claim Form, Mr. Glenn from the USPS corresponded with counsel for the plaintiffs about the personal injury claim. These communications and settlement offers, attached to the Harris Affidavit, further establish that the government received written notice that the plaintiffs' administrative claim sought recovery for personal injury, property damage, and medical expenses—and, more importantly, demonstrate that the government did not consider the SF 95 to be procedurally defective.

Under similar circumstances, federal courts in other jurisdictions have determined that an SF 95 form should not be viewed in isolation for the purpose of assessing whether a government is on notice as to a tort claim under the FTCA. For instance, in *Campbell v. United States*, 795 F. Supp. 1118 (N.D. Ga. 1990), a district court assessed medical malpractice claims asserted against the United States. 795 F. Supp. 1118, at 1119-20. The plaintiffs, Patricia and Thomas Campbell, and their minor child, Jennifer Campbell, alleged that a U.S. Army doctor was professionally negligent in failing to diagnose a serious, detectable genetic defect related to Mrs.

---

guardian," and instructing the plaintiffs' counsel to provide documentation as to its representation of "Greg & Deborah Richardson, b,n,a [sic] Robert Richardson."

Campbell's pregnancy. *Id.* at 1120. As a result of the negligence, the plaintiffs averred, Mrs. Campbell was deprived of her right to choose to terminate her pregnancy, and her child, Jennifer, suffered from a genetic defect and consequent abnormalities. *Id.* On their SF 95 form, in the section marked for name and address of the claimant, "it was typed Patricia Campbell with her address and an asterisk after her name. At the bottom of the form on that same page was typed "*Sgt. Campbell—Baby girl Campbell." *Id.* The SF 95 identified the amount of the claim as $5,000.000.00. Although the Army negotiated with the Campbells and developed a settlement agreement, the agreement was later rejected by the Attorney General, and the Campbells (Patricia, Thomas, and Jennifer) filed suit in federal court. *Id.*

The government filed a motion to dismiss on the grounds that Mr. Campbell and the Campbells' minor child were not proper claimants because they did not file separate administrative claims for their respective injuries. After examining the administrative record, however, the district court held that the notice requirements of the FTCA had been met because (1) all three plaintiffs were listed as claimants on the SF 95 (by way of the asterisk), and (2) all information necessary to investigate the claim was included in the SF 95. *Id.* at 1121. "Even more importantly," the district court noted,

> The government throughout the settlement process treated all three as claimants. The government denied their claim on the merits, and for reasons other than any technical non-compliance with the notice requirements. It does not appear that the government raised the inadequacy of their claim at any time during the settlement process.

*Id.*; *see also Knapp*, 844 F.2d at 379 (rejecting government's argument that the technical requirements of an administrative requirement are identical to the requirements of filing a lawsuit under the FTCA); *Owen*, 307 F. Supp. 2d at 665 (rejecting argument that government did not have sufficient notice of a plaintiff's claim because she originally

13

filed the claim on her own behalf, and not on behalf of the estate she represented); *Starr v. United States*, 262 F. Supp. 2d 605, 607 (D. Md. 2003) (holding that, although SF 95 failed to identify decedent's parents as claimants, by listing an amount sought for recovery of wrongful death that could only be recovered by parents and because attorney sent cover letter to agency referring to parents as clients, the plaintiffs had adequately fulfilled administrative requirements.); *Leaty v. United States*, 748 F. Supp. 268, 271 (D.N.J. 1990) (concluding that SF 95 form for personal injury claim signed on minor plaintiff's behalf by his mother, when taken together with letter of representation from plaintiff's attorney identifying plaintiff as sole client, was sufficient to establish notice requirement of FTCA as to plaintiff's claim.).

Here, the circumstances favoring the plaintiffs are even more compelling. The plaintiffs followed instructions from a government employee as to how to submit their SF 95 form for Robert's personal injuries and filled in the box marked "claimant, name and address" in accordance with those instructions. The SF 95 itself adequately set out all information necessary to investigate the plaintiffs' claim. Additionally, correspondence sent by the plaintiffs' counsel to the government made clear that both Robert and his parents were claimants with regard to Robert's personal injuries and that Robert's medical expenses were included in the personal injury claim. (Docket No. 41, Exs. 2, 4-5.) Throughout settlement negotiations, the government made no objection to the technical adequacy of the plaintiffs' claim for medical expenses for notice purposes, and even made settlement offers related to the plaintiffs' claim, presumably after considering the medical bills submitted by the plaintiffs in conjunction with the SF 95 form. Finally, the government ultimately denied the claim on the merits, and not based on the technical

non-compliance of the Personal Injury Claim Form. For these reasons, the court concludes that the plaintiffs' Personal Injury Claim Form satisfied the jurisdictional notice requirements of the FTCA.

As another federal court has clarified, "[t]he FTCA was not intended as a trap for the 'unwary claimant,' and the 'purpose of 28 U.S.C. § 2675(a) is to provide notice to the relevant federal agency of claims, not to put up a barrier of technicalities to defeat their claims.'" *Starr*, 262 F. Supp.2d at 607. Accordingly, even if the government had not waived its affirmative defense, the court concludes that the plaintiffs' Personal Injury Claim Form provided sufficient notice to the USPS of their claims, such that Gregory and Deborah Richardson's claim for medical expenses has been properly presented to the court. The government's "Gotcha" defense will not stand. Consequently, the court concludes that summary judgment is inappropriate for the government at this stage.

## CONCLUSION

For the reasons discussed herein, the government's Motion for Partial Summary Judgment (Docket No. 36) will be denied. It will further be ordered that the plaintiffs' alternative Motion to Amend the Complaint (Docket No. 43) will be denied as moot.

An appropriate order will enter.

ALETA A. TRAUGER
United States District Judge